# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ARTHUR McKINNON,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. C21-5097-BHS-MLP

ORDER DENYING DEFENDANT DOC'S MOTION TO STAY

Plaintiff Arthur McKinnon is a state prisoner who is currently confined at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. Plaintiff initiated this civil rights action in Thurston County Superior Court in December 2020 alleging violations of state and federal law relating to restrictions imposed by the Washington Department of Corrections and its employees on Plaintiff's visitation and communications with his wife and minor child. (*See* Dkt. # 1-3.) Specifically, Plaintiff alleges that Defendants violated his federal constitutional rights when they denied his wife's application seeking permission for him to visit with his son, when they improperly rejected and/or confiscated photos and correspondence relating to his wife and son, and when they retaliated against him and his family for challenging the restrictions regarding visitation and communications. (*Id*. at 10-12.) Plaintiff also alleges state law claims for

discrimination and for negligent infliction of emotional distress. (*Id*. at 10-13.) Plaintiff identifies as Defendants in his complaint the Washington Department of Corrections ("DOC"), various SCCC and DOC employees, and a contract mental health counselor.[1] Plaintiff requests declaratory and injunctive relief, and damages. (*Id*. at 13-14.)

Defendant DOC removed the case to this Court in February 2021. (Dkt. # 1.) Defendant asserts in its notice of removal that this Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, and that removal was appropriate under 28 U.S.C. § 1441 because Plaintiff alleges in his complaint violations of his federal constitutional rights and specifically references 42 U.S.C. § 1983. (*Id*.)

On March 11, 2021, Defendant DOC filed a motion to stay this proceeding, and all discovery, pursuant to the *Younger* abstention doctrine. (Dkt. # 7.) Defendant DOC argues therein that a stay pursuant to the *Younger* abstention doctrine is appropriate here because Plaintiff filed a personal restraint petition in the Washington appellate courts in August 2020 asserting claims similar to those asserted in this action and the petition remains pending at this time. (*See id*. at 4-6.) Defendant further argues that even if the Court determines *Younger* does not apply, it should still stay this proceeding as a matter of discretion. (*Id*. at 11.) Plaintiff has not opposed Defendant DOC's motion to stay.

The general rule concerning federal jurisdiction is that federal courts are bound to adjudicate cases within their jurisdiction. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358-59 (1989) ("*NOPSI*") (*abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996)). The abstention doctrines are

---

[1] At this point, only the DOC has been served. (Dkt. # 1 at 2.) Plaintiff has filed a motion requesting that the Court serve the remaining Defendants. (Dkt. # 6.) The Court addresses that motion in a separate Order.

"extraordinary and narrow exception[s]" to the rule that federal courts must exercise the jurisdiction that has been conferred. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (citation omitted). The Supreme Court has cautioned that "[a]bstention is not in order simply because a pending state court proceeding involves the same subject matter." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing *NOPSI*, 491 U.S. at 373).

The *Younger* abstention doctrine "forbid[s] federal courts [from] stay[ing] or enjoin[ing] pending state court proceedings." *Younger v. Harris*, 401 U.S. 37, 41 (1971). "In civil cases . . . *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint*, 571 U.S. at 81-82; *Gilbertson v. Albright*, 381 F.3d 965, 977-78 (9th Cir. 2004)). "If these 'threshold elements' are met, we then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id*. (quoting *Gilbertson*, 381 F.3d at 978, 983-84). The abstention doctrine is properly applied only when *each* of the elements of the doctrine's requirements is satisfied. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

There is no question that Plaintiff's personal restraint petition was filed in state court prior to the filing of the instant action and that the petition remains pending at this time. (*See* Dkt. # 8, Ex. 1.) Thus, the first *Younger* requirement is satisfied. There is also no question that Plaintiff was allowed to and did, in fact, raise federal challenges in his personal restraint petition. (*See id*.) The fourth *Younger* requirement is therefore satisfied as well. However, the same

cannot be said of the second and third *Younger* requirements. Plaintiff's ongoing personal restraint proceeding does not constitute a "quasi-criminal enforcement action" nor does it "involve a state's interest in enforcing orders and judgments of its courts." Rather, Plaintiff's personal restraint proceeding involves a challenge to the conditions of his current confinement which falls outside the categories of cases to which *Younger* abstention applies. Thus, the second *Younger* requirement is not satisfied.

The third requirement – that the state proceeding implicate an important state interest – is likewise not satisfied here. The third requirement is satisfied when "the State's interests in the [ongoing] proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). "The importance of the [state's] interest is measured considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." *AmerisourceBergen*, 495 F.3d at 1150 (citing *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003); *Champion Int'l Corp. v. Brown*, 731 F.2d 1406, 1408 (9th Cir. 1984) ("[A] challenge[ ] [to] only one . . . order, not the whole procedure" is "not a substantial enough interference with [a state's] administrative and judicial processes to justify abstention.")). The Ninth Circuit has emphasized that "[t]he goal of *Younger* abstention is to avoid federal court interference with *uniquely* state interests such as preservation of these states' peculiar statutes, schemes and procedures." *Id*. at 1150 (emphasis in original).

Plaintiff asserts in his personal restraint petition that the DOC arbitrarily deprived him of visitation with his biological son based on a provision in his criminal judgment and sentence which does not actually exist. (*See* Dkt. # 8, Ex. 1.) Defendant, in its motion to stay, argues that the state has an interest "in not having this Court make rulings that could call into question the

ORDER DENYING DEFENDANT DOC'S
MOTION TO STAY - 4

actions of a State Court that is deciding the same issues of law." (Dkt. # 7 at 5.) Defendant also argues that the state "has a strong interest in protecting the interests of children, especially in cases where a convicted child rapist would like contact with a child." (*Id.*) Accepting these assertions as true, it remains the case that Plaintiff challenges in his personal restraint proceedings a single order of the DOC relating to his visitation rights, not any broader processes or procedures of the state. The state's interest in adjudication of Plaintiff's challenge to the denial of visitation with his son does not qualify as sufficiently important to satisfy the third requirement for *Younger* abstention. *See AmerisourceBergen*, 495 F.3d at 1150.

Because Defendant does not satisfy each element required for *Younger* abstention, Defendant's motion to stay this proceeding based on the abstention doctrine must be denied. Defendant argues that even absent a mandatory stay of proceedings under *Younger*, a federal court may stay proceedings based on comity. (Dkt. # 7 at 11.) However, the Court, in undertaking the *Younger* analysis, has already considered whether comity requires it to pause this action and has determined that, under the prevailing law, no such pause is warranted. There is simply nothing that prevents Plaintiff's state court action and this action from proceeding simultaneously. *See AmerisourceBergen*, 495 F.3d at 1151-52.

//

//

//

//

//

//

//

ORDER DENYING DEFENDANT DOC'S
MOTION TO STAY - 5

Accordingly, the Court hereby ORDERS as follows:

(1)  Defendant DOC's motion to stay (dkt. # 7) is DENIED.

(2)  The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant DOC, and to the Honorable Benjamin H. Settle.

DATED this 11th day of May, 2021.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge