UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR McKINNON, *et al.*, | |
| Plaintiffs, | Case No. C21-5097-BHS-MLP |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

**I.    INTRODUCTION AND SUMMARY CONCLUSION**

Plaintiff Arthur McKinnon is a state prisoner who is currently confined at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. He brings this civil action, together with his wife and minor child, to allege violations of their rights under federal and state law relating to restrictions imposed by the Washington Department of Corrections ("DOC") and DOC staff on visitation and communication between the Plaintiffs. Plaintiffs are proceeding with this action *pro se*. This matter is before the Court at the present time for screening of Plaintiffs' amended complaint.

Plaintiffs indicate in their amended complaint that they wish to proceed against eight named Defendants and a number of Defendants identified only as "John Doe." However, this

REPORT AND RECOMMENDATION - 1

Court concludes that Plaintiffs have failed to state a claim upon which relief may be granted as to five of the named Defendants. This Court therefore recommends that Plaintiffs' amended complaint and this action be dismissed as to the five Defendants against whom they have not alleged any viable cause of action, and that Plaintiffs be permitted to proceed with respect to the remaining three Defendants.

## II.   DISCUSSION

Plaintiff Arthur McKinnon initiated this action in December 2020 by filing in the Thurston County Superior Court a pleading which he identified as a civil rights complaint under 42 U.S.C. § 1983 and an anti-discrimination complaint under RCW 49.60. (*See* Dkt. # 1-3, Complaint (Compl.).) Mr. McKinnon alleged therein that Defendants violated his federal constitutional rights when they denied his wife's application seeking permission for him to visit with his son, when they improperly rejected and/or confiscated photos and correspondence relating to his wife and son, and when they retaliated against him and his family for challenging the restrictions on visitation and communications. (*Id*. at 10-12.)

Mr. McKinnon also alleged in his pleading a state law discrimination claim on behalf of his wife relating to her breastfeeding their child, and a claim for the tort of negligent infliction of emotional distress based on Defendants' alleged breach of their duty to comply with the law in relation to the restrictions imposed on Mr. McKinnon's visitation and communications with his wife and minor child. (*Id*. at 10-13.) Mr. McKinnon identified the following Defendants in his complaint: DOC; SCCC employees Michael Wayman and Barry Wilkinson; Deputy Director of Prisons Scott Russell; DOC employees Lisa J. Flynn, Belinda Stewart, and Elizabeth J. Hainline;

REPORT AND RECOMMENDATION - 2

contract mental health counselor Donetta Quinones; and, John Does 1-16.[1] (*Id*. at 1-3.) Mr. McKinnon requested declaratory and injunctive relief, and damages. (*Id*. at 13-14.)

Defendant DOC removed the action to this Court in February 2021. (Dkt. # 1.) Mr. McKinnon thereafter filed a motion requesting that the Court serve his complaint on the individual Defendants (dkt. # 6), and Defendants filed a motion seeking to stay all proceedings and all discovery in this action pursuant to the *Younger* abstention doctrine (dkt. # 7). On May 11, 2021, the Court issued an Order denying Defendants' motion to stay. (Dkt. # 10.) On the same date, the Court issued an Order in which it denied Mr. McKinnon's motion to serve his complaint on the individual Defendants and undertook the screening required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). (Dkt. # 11.) In that Order, the Court identified a number of deficiencies in Plaintiff's original complaint and granted him leave to file an amended complaint correcting those deficiencies. (*Id*.)

On June 25, 2021, Mr. McKinnon filed an amended complaint, together with his wife, Elise McKinnon, who purports to sue Defendants on her own behalf as well as on behalf of the couples' minor child, C.M.[2] (Dkt. # 12, Amended Complaint ("Am. Compl.").) Plaintiffs identify the same eight Defendants in their amended pleading as Mr. McKinnon identified in his original pleading, and they seek declaratory and injunctive relief, and damages. (*See id*., ¶¶ 4-10.) Plaintiffs allege in their amended complaint that Defendants Michael Wayman and Barry

---

[1] The DOC has been served in this action, but none of the individual defendants have yet been served. (Dkt. # 1 at 2.)

[2] Mr. McKinnon filed his original complaint on behalf of himself and his wife, but he alone signed the pleading. The Court explained in its Order declining to serve the original pleading that Mr. McKinnon did not have authority to represent his wife and that any claims asserted on her behalf must be excised from his pleading. Rather than excise such claims from the amended pleading, both Mr. and Ms. McKinnon signed the amended pleading and, in fact, added claims pertaining specifically to her.

REPORT AND RECOMMENDATION - 3

Wilkinson retaliated against them for exercising their right to parent their child and to correspond via e-mail. (*Id.*, ¶¶ 50-54, 69-74.) Plaintiffs also allege, specifically with respect to Ms. McKinnon, that Defendants Wayman and Wilkinson retaliated against her for exercising her right to appeal the denials of her visitation requests and for breastfeeding the couples' child. (*Id.*, ¶¶ 71-73.) Plaintiffs finally allege, with respect to Defendants Wayman and Wilkinson, that these Defendants violated their due process rights when Defendants rejected correspondence between Plaintiffs and removed pictures from Plaintiffs' respective email accounts without providing written notice or an opportunity to be heard. (*Id.*, ¶¶ 55-59, 75-79.)

Plaintiffs allege that Defendants Hainline, Flynn, and Stewart violated Mr. McKinnon's right to due process and his right to parent when they denied a visitation application submitted by Ms. McKinnon, on behalf of their infant son, without providing Mr. McKinnon notice and a hearing. (*Id.*, ¶¶ 60-63.) Finally, Plaintiffs allege state tort claims for negligent infliction of emotional distress, and a discrimination claim relating to Ms. McKinnon breastfeeding the couples' child. (*Id.*, ¶¶ 64-68, 80-84, 85-89, 90-94.)

As the Court advised in its Order declining to serve Mr. McKinnon's original complaint, in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

REPORT AND RECOMMENDATION - 4

Plaintiffs' claims that Defendants Wayman and Wilkinson violated Plaintiffs' federal constitutional rights when they retaliated against Plaintiffs and when they improperly rejected correspondence and confiscated photos from Plaintiffs' email accounts, arguably state viable claims for relief upon which Plaintiffs should be permitted to proceed. However, Plaintiffs have not stated viable claims for relief against any of the remaining Defendants. With respect to Defendants Scott Russell and Donetta Quinones, the Court observes that though Plaintiffs reference these individuals in the "Facts" section of their amended pleading, they do not specifically assert any federal constitutional claims against these individuals in the "Claims" section of their complaint. To the extent Plaintiffs intended to include Defendants Russell and Quinones in the assertion of their state tort claims, Plaintiffs' claims are too vague and conclusory to state any viable claim for relief.

With respect to Defendants Hainline, Stewart, and Flynn, Mr. McKinnon asserts that these individuals violated his right to due process and his right to parent when they denied a request that he be permitted visitation with his son. However, the Supreme Court has repeatedly made clear that "[l]awful incarceration brings about the necessary withdrawal or limitation of many rights and privileges." *Pell v. Procunier*, 417 U.S. 817, 822 (1974) (internal quotation marks omitted). In *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), the Supreme Court observed that "freedom of association is among the rights least compatible with incarceration" and that "[s]ome curtailment of that freedom must be expected in the prison context."

The Supreme Court and a multitude of federal appellate courts have consistently concluded that the right to receive visits while incarcerated, including visits from family members, is one such right which is necessarily limited by the fact of incarceration. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (holding that "[t]he

REPORT AND RECOMMENDATION - 5

denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause"); *Block v. Rutherford*, 468 U.S. 576, 589 (1984) (holding that "the Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"); *Dunn v. Castro*, 621 F.3d 1196, 1202-03 n.4 (9th Cir. 2010) (finding no clearly established right to visitation and listing cases). As Mr. McKinnon does not have a due process right to visitation, his federal constitutional claims for relief against Defendants Hainline, Stewart, and Flynn necessarily fail as do any corresponding state law claims.[3]

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiffs' amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1), as to Defendants Scott Russell and Donetta Quinones, for failure of Plaintiffs to state any claim upon which relief may be granted. The Court further recommends that Plaintiffs' amended complaint, and this action, be dismissed with prejudice as to Defendants Elizabeth Hainline, Lisa Flynn, and Belinda Stewart. Finally, the Court recommends that Plaintiffs be permitted to proceed with their claims against DOC, Michael Wayman, and Barry Wilkinson. A proposed order accompanies this Report and Recommendation.

---

[3] While Mr. McKinnon complains that he did not receive notice and a hearing regarding the denial of visitation (*see* dkt. # 12, ¶¶ 61-62), because he had no due process right to visitation, he had no right to a hearing. Moreover, the Court observes that it was apparently Ms. McKinnon who submitted the application for visitation, that Ms. McKinnon *did* receive notification that the application had been denied, and that Ms. McKinnon exercised her right to appeal the denial. (*Id*., ¶¶ 15, 18, 19.)

REPORT AND RECOMMENDATION - 6

## IV. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 27, 2021**.

DATED this 5th day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7