UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR MCKINNON, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | CASE NO. C21-5097 BHS-MLP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, Dkt. 13, and Plaintiff Arthur McKinnon's objections to the R&R, Dkt. 14.

Mr. McKinnon is a state prisoner and is currently housed at the Stafford Creek Corrections Center ("SCCC"). Dkt. 12. He brings this action with his wife, who purports to represent herself and their minor child, C.M., against Defendants the Washington State Department of Corrections ("DOC") and individual DOC and SCCC employees. *Id.* Both Mr. and Mrs. McKinnon are proceeding pro se. Mr. McKinnon alleges that Defendants violated his federal constitutional rights when they denied his wife's application seeking

permission for C.M. to visit him, rejected and/or confiscated photos and correspondence relating to his wife and son, and retaliated against him and his family for challenging the visitation and communication restrictions. *Id.* Mr. McKinnon and Mrs. McKinnon also allege state law claims of negligent infliction of emotional distress, and Mrs. McKinnon alleges a state law discrimination claim. *Id.*

Upon a screening of Plaintiffs' amended complaint, Judge Peterson recommends dismissing five of the eight Defendants. Dkt. 13. The R&R concluded that Plaintiffs failed to state a claim for constitutional violations related to Defendants Hainline, Stewart, and Flynn's denial of Mr. McKinnon's visitation request with his son because there is no established right to visitation while incarcerated. *Id.* at 5–6 (citing, *inter alia*, *Dunn v. Castro*, 621 F.3d 1196, 1202–03 & n.4 (9th Cir. 2010)). As such, the R&R determined that the state law claims against these Defendants necessarily fail. *Id.* at 6. The R&R further concluded that Plaintiffs did not state any federal constitutional claims against Defendants Russell and Quinones and that their state tort claims against Defendants Russell and Quinones were too vague and conclusory. *Id.* at 5. The R&R does recommend allowing Plaintiffs' claims against Defendants DOC, Wayman, and Wilkinson related to their alleged retaliation against Mr. McKinnon to proceed. *Id.*

Plaintiffs object to the R&R's recommendation to dismiss their federal claims against Defendants Hainline, Stewart, and Flynn and to dismiss their negligent infliction of emotional distress claims against Defendants Hainline, Stewart, Flynn, Russell, and Quinones, Dkt. 14, to which DOC responded, urging the Court to adopt the R&R, Dkt. 15.

1    The district judge must determine de novo any part of the magistrate judge's
2 disposition that has been properly objected to. The district judge may accept, reject, or
3 modify the recommended disposition; receive further evidence; or return the matter to the
4 magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).
5    Mr. McKinnon first objects to the R&R's recommendation to dismiss his
6 procedural due process claim regarding his visitation rights with C.M. Dkt. 14 at 1. He
7 asserts that he has a fundamental right to be a parent and that he must receive due process
8 before that right is revoked. *Id.* at 1–2. But Mr. McKinnon does not engage with the
9 R&R's analysis that his right to maintain certain familial relationships can be limited
10 because he is incarcerated. *See* Dkt. 13 at 5–6. "For example, it is well-settled that
11 prisoners have no constitutional right while incarcerated to contact visits." *Gerber v.*
12 *Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) (internal citations omitted). As
13 such, the R&R correctly concluded that Mr. McKinnon does not have a due process right
14 to visitation and that he cannot assert claims against Defendants Hainline, Stewart, and
15 Flynn. The Court therefore adopts the R&R as to this issue.
16    Plaintiffs additionally object to the R&R's recommendation to dismiss their
17 negligent infliction of emotional distress claims, arguing that they have alleged all
18 elements of the claim. Dkt. 14 at 2–3. The Court agrees with the R&R that Plaintiffs'
19 negligent infliction of emotional distress claims are too vague and conclusory. "[A]
20 plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more
21 than labels and conclusions, and a formulaic recitation of the elements of a cause of
22 action will not do. Factual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). Plaintiffs' allegations do not meet this standard. The Court therefore adopts the R&R as to this issue.

Additionally, while not addressed by the R&R, the Court holds for the first time here that Mrs. McKinnon cannot represent C.M. in this action. Mr. McKinnon previously filed his complaint on behalf of himself and Mrs. McKinnon, and Judge Peterson explained that Mr. McKinnon does not have the authority as a pro se plaintiff to represent them both. Dkt. 11 at 3. Mr. and Mrs. McKinnon then refiled their complaint with claims specific to Mrs. McKinnon, with both Plaintiffs signing the pleading. Dkt. 12. However, the amended complaint purports that Mrs. McKinnon is representing C.M. as his guardian. *Id.* ¶ 2. While a litigant in federal court has a right to act as his or her own counsel, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Therefore, to the extent that Plaintiffs' or Mrs. McKinnon's individual claims are on behalf of C.M., these claims are DISMISSED without prejudice.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plaintiffs' amended complaint, Dkt. 12, is **DISMISSED without prejudice** as to Defendants Scott Russell and Donetta Quinones;

(3) Plaintiffs' amended complaint, Dkt. 12, is **DISMISSED with prejudice** as to Defendants Elizabeth Hainline, Lisa Flynn, and Belinda Stewart;

1     (4)     Plaintiffs' amendment complaint is **DISMISSED without prejudice** as to their claims on behalf of C.M.;

(5)     Judge Peterson shall issue a service order directing service of Plaintiffs' amended complaint on Defendants Michael Wayman and Barry Wilkinson; and

(6)     This matter is re-referred to Judge Peterson for further consideration.

Dated this 4th day of October, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge