UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR McKINNON, *et al*.,

                    Plaintiffs,

    v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, *et al*.,

                    Defendants.

Case No. C21-5097-BHS-MLP

ORDER DENYING PLAINTIFFS'
MOTION FOR APPOINTMENT OF
COUNSEL AND STRIKING MOTION
FOR EXTENSION OF TIME

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiffs' motion for appointment of counsel. (Dkt. # 26.) The motion was signed by both Plaintiffs Arthur and Elise McKinnon and is therefore properly before the Court for consideration. The Court has also received a motion for extension of time which was signed by only Mr. McKinnon. (Dkt. # 27.) Because that motion was not also signed by Ms. McKinnon, it is procedurally defective and not properly before the Court for consideration. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").

ORDER DENYING PLAINTIFFS'
MOTION FOR APPOINTMENT OF
COUNSEL AND STRIKING MOTION
FOR EXTENSION OF TIME - 1

With respect to the motion for appointment of counsel, Plaintiffs are advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiffs argue in support of their motion for appointment of counsel that they are unable to afford counsel, that Mr. McKinnon's imprisonment and separation from his co-Plaintiff will greatly limit their ability to litigate this action, that the issues involved in this case are complex and will require significant research and investigation, that Mr. McKinnon has limited access to the law library and both Plaintiffs have limited knowledge of the law, and that counsel would be better able to present evidence and cross-examine witnesses at trial. (Dkt. # 26 at 1.)

The fact that Plaintiffs cannot afford counsel and that Mr. McKinnon is imprisoned are not exceptional circumstances sufficient to warrant the appointment of counsel. The record before this Court also belies the assertion that this action is too complex for Plaintiffs to litigate without assistance. Plaintiffs presents relatively straightforward claims alleging that Defendants Wayman and Wilkinson violated Plaintiffs' federal constitutional rights when they retaliated against Plaintiffs and when they improperly rejected correspondence and confiscated photos

ORDER DENYING PLAINTIFFS'
MOTION FOR APPOINTMENT OF
COUNSEL AND STRIKING MOTION
FOR EXTENSION OF TIME - 2

from Plaintiffs' email accounts. (*See* dkt. # 12.) Plaintiffs' claims are limited in scope, and they have demonstrated ample ability to articulate the legal and factual bases of their claims without the assistance of counsel.

To the extent Plaintiffs complain about restrictions on law library access, they have likewise not identified an exceptional circumstance sufficient to justify appointment of counsel. Plaintiffs claim that Mr. McKinnon has had no access to the law library during the past two months because of COVID-19 restrictions, and that he is likely to have only limited law library access once the restrictions are lifted. (Dkt. # 26 at 1.) Defendants, in response to Plaintiffs' motion, note that the facility where Mr. McKinnon is confined came off of COVID-19 outbreak status on March 2, 2022 and, thus, the law library is now fully operational. (*See* dkt. ## 29 at 3, 30 at ¶ 4.) The Court observes as well that Ms. McKinnon is not incarcerated and should have the ability to access a law library without encountering the same types of restrictions imposed upon Mr. McKinnon by virtue of his incarceration. If Plaintiffs find themselves unable to comply with specific Court imposed deadlines because of issues related to law library access or to the fact that they are separated geographically, they may seek relief from such deadlines by filing an appropriate, and properly executed, motion with the Court.

With respect to Plaintiffs' assertion that counsel would be better able to present evidence and cross-examine witnesses at trial the argument is, at best, premature. The record is not yet sufficiently developed for the Court to make a determination as to whether this action is likely to proceed to trial or whether Plaintiffs are likely to succeed on the merits of their claims. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiffs

ORDER DENYING PLAINTIFFS'
MOTION FOR APPOINTMENT OF
COUNSEL AND STRIKING MOTION
FOR EXTENSION OF TIME - 3

have not demonstrated that their case involves exceptional circumstances which warrant the appointment of counsel.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)    Plaintiffs' motion for appointment of counsel (dkt. # 26) is DENIED.

(2)    Plaintiff Arthur McKinnon's motion for extension of time (dkt. # 27) is STRICKEN.

(3)    The Clerk is further directed to send copies of this Order to Plaintiffs, to counsel for Defendants, and to the Honorable Benjamin H. Settle.

DATED this 30th day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR APPOINTMENT OF
COUNSEL AND STRIKING MOTION
FOR EXTENSION OF TIME - 4