UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR McKINNON, *et al.*,

               Plaintiffs,

    v.

WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,

               Defendants.

Case No. C21-5097-BHS-MLP

ORDER RE: PENDING MOTIONS

## I. INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983. Currently pending before the Court are the following motions of the parties: (1) Defendant Washington Department of Corrections' ("DOC") motion for judgment on the pleadings (dkt. # 28); (2) Plaintiffs' motion for leave to supplement the pleadings (dkt. # 33); (3) Plaintiffs' motion for an extension of the pretrial deadlines and for service of subpoenas (dkt. # 37); (4) Defendant DOC's motion for a protective order (dkt. # 39); (5) Defendant Barry Wilkinson's motion to compel discovery (dkt. # 44); and (6) Defendants' motion to reopen discovery (dkt. # 48). The Court addresses each of the pending motions below.

ORDER RE: PENDING MOTIONS
PAGE - 1

## II. BACKGROUND

Plaintiff Arthur McKinnon is a state prisoner who is currently incarcerated at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. He initiated this action in December 2020 by filing in the Thurston County Superior Court a pleading he identified as a civil rights complaint under 42 U.S.C. § 1983 and an anti-discrimination complaint under RCW 49.60. (*See* dkt. # 1-3.) The action was removed to this Court in February 2021, and the Court thereafter screened the complaint in accordance with 28 U.S.C. § 1915A(a). (*See* dkt. ## 1, 11.) The Court determined that Mr. McKinnon's pleading was deficient in various respects but granted him leave to file an amended complaint. (Dkt. # 11.)

In June 2021, Mr. McKinnon filed an amended complaint, together with his wife, Elise McKinnon. (Dkt. # 12.) They purported to sue Defendants on their own behalf as well as on behalf of their minor child. (*Id.*) Plaintiffs identified the following Defendants in their amended complaint: the DOC; SCCC employees Michael Wayman and Barry Wilkinson; Deputy Director of Prisons Scott Russell; DOC employees Lisa J. Flynn, Belinda Stewart, and Elizabeth J. Hainline; contract mental health counselor Donetta Quinones; and John Does 1-16. (*See id.* at ¶¶ 4-10.)

Plaintiffs alleged in their amended complaint that Defendants Wayman and Wilkinson retaliated against them for exercising their rights to parent their child and to correspond via e-mail. (Dkt. # 12 at ¶¶ 50-54, 69-74.) Plaintiffs also alleged that Defendants Wayman and Wilkinson retaliated against Mrs. McKinnon for exercising her right to appeal the denials of her visitation requests and for breastfeeding the couples' child. (*Id.* at ¶¶ 71-73.) Finally, Plaintiffs alleged that Defendants Wayman and Wilkinson violated their due process rights when

Defendants rejected correspondence between Plaintiffs and removed pictures from Plaintiffs' respective email accounts without providing written notice or an opportunity to be heard. (*Id*. at ¶¶ 55-59, 75-79.)

As to the remaining individual Defendants, Plaintiffs alleged that Defendants Hainline, Flynn, and Stewart violated Mr. McKinnon's right to due process and his right to parent when they denied a visitation application submitted by Mrs. McKinnon, on behalf of their infant son, without providing Mr. McKinnon notice and a hearing. (Dkt. # 12 at ¶¶ 60-63.) Finally, Plaintiffs alleged state tort claims against all Defendants for negligent infliction of emotional distress, and a discrimination claim relating to Mrs. McKinnon breastfeeding the couples' child against Defendants Wayman, Wilkinson, and the DOC. (*Id*. at ¶¶ 64-74, 80-94.)

This Court screened Plaintiffs' amended complaint, as it did Mr. McKinnon's original complaint, and concluded that Plaintiffs had failed to state a claim upon which relief could be granted as to Defendants Russell, Quinones, Hainline, Flynn, and Stewart. The Court therefore issued a Report and Recommendation recommending that the action be dismissed as to these Defendants and that Plaintiffs be permitted to proceed with their claims against the DOC, Michael Wayman, and Barry Wilkinson. (Dkt. # 13.) The Honorable Benjamin H. Settle, United States District Judge, subsequently adopted the Report and Recommendation. (Dkt. # 16.)

On October 19, 2021, this Court Ordered service of Plaintiffs' amended complaint on Defendants Wayman and Wilkinson, the two remaining Defendants who had yet to be served.[1] (Dkt. # 17.) Defendants filed an answer to the amended complaint on December 20, 2021, and on January 13, 2022, this Court issued a Pretrial Scheduling Order. (Dkt. ## 21, 23.) In that Order,

---

[1] The DOC was served prior to the case being removed to this Court. (*See* dkt. # 1 at 2.)

ORDER RE: PENDING MOTIONS
PAGE - 3

the Court established a deadline of April 13, 2022, for the completion of discovery and a deadline of May 13, 2022, for the filing of dispositive motions. (Dkt. # 23.)

### III. DISCUSSION

#### A. Motion for Judgment on the Pleadings

Defendant DOC has filed a motion for judgment on the pleadings. (Dkt. # 28.) Defendant argues therein that it is entitled to dismissal of all claims asserted against it because the Court previously dismissed Plaintiffs' state law claims and the only remaining claims against the DOC are federal law claims involving retaliation brought under 42 U.S.C. § 1983. (*Id*. at 4.) DOC argues that it is not a "person" subject to suit under § 1983 and since, in its view, only the federal claims remain, it follows that Plaintiffs have failed to state a claim upon which relief may be granted against the DOC. (*Id*.)

Plaintiffs, in their response to Defendant DOC's motion, argue that the Court did not previously dismiss Plaintiffs' state law claims against the DOC, and that they have never asserted a claim under 42 U.S.C § 1983 against the DOC. (Dkt. # 32 at 1-2.) Defendant DOC suggests in its reply brief, as it did in its motion, that *all* of Plaintiffs' state law claims have been dismissed, and it contends that because Plaintiffs' state law claims are based on a theory of vicarious liability it follows that the state law claims against the DOC should be dismissed. (Dkt. # 35 at 1-2.) Defendant then goes on to argue that even assuming the state law claims asserted against the DOC survive the dismissal of those asserted against individual Defendants, the state law claims against the DOC should be dismissed because they fail to state a cognizable claim for relief. (*Id*. at 3-8.)

After receiving Defendant DOC's reply brief, Plaintiffs filed an objection and motion to

PAGE - 4

strike the second section of Defendant's reply because the arguments contained therein pertaining to the substance of Plaintiffs' state law claims were not included in Defendant DOC's original motion. (Dkt. # 46.) The Court concurs that it would be improper to consider the substantive arguments set forth by the DOC for the first time in its reply brief. However, given the current posture of this case, rather than deny Defendant's motion based on what the Court believes is Defendant's erroneous interpretation of the Court's prior rulings, the Court deems it appropriate to give Plaintiffs an opportunity to respond to those arguments. The Court will therefore establish a new briefing schedule for the motion for judgment on the pleadings below and will renote the motion for consideration at a later date.

### B. Motion to Supplement Complaint

Plaintiffs move for leave to supplement their complaint with additional claims against Defendants Wilkinson, Wayman, and the DOC arising out of events that Plaintiffs claim have occurred since they filed their amended complaint in June 2021. (Dkt. # 33.) Though Plaintiffs' motion is not a model of clarity, they appear to claim that Defendants Wilkinson and Wayman have continued to retaliate against them because of Plaintiffs' exercise of protected conduct. Plaintiffs identify breastfeeding, corresponding by mail, and filing this lawsuit as the protected conduct at issue, and they assert that adverse action on the part of the Defendants, which Plaintiffs identify as "blocking, interfering, rejecting, [and] censoring communication" between the Plaintiffs, have chilled Mrs. McKinnon's rights as a breastfeeding mother and both Plaintiffs' rights to correspond by mail and seek redress of grievances. (*Id*. at 4.)

Rule 15(d) of the Federal Rules of Civil Procedure provides that the court may permit a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that

happened after the date of the pleading to be supplemented." Supplementation is generally favored as it promotes judicial economy and convenience. *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). However, the district court has broad discretion in determining whether to permit supplemental pleading in a given case. *See id.* at 475. Courts typically consider five factors when assessing the propriety of a motion to supplement: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *Lyon v. U.S. Immig. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Defendants argue that permitting Plaintiffs to supplement their amended complaint to add the new allegations set forth in their motion to supplement would be futile. (Dkt. # 36.) The Court agrees.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A viable claim of First Amendment retaliation within the prison context has five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). In order to prevail on a retaliation claim, "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation and internal quotation omitted). In addition, a plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995). The Court evaluates a retaliation claim in light of the deference accorded prison officials. *Id*. at 807.

### 1. Defendant Wilkinson

Plaintiffs allege in their supplemental complaint that mail sent by Mrs. McKinnon to Mr. McKinnon via "next day air" was not received until seven days after it had been sent. (Dkt. # 33 at 3.) Plaintiffs attribute this delay to the fact that they sent Defendant Wilkinson their first set of interrogatories and requests for production in this action approximately a month prior to experiencing this delay and they thus claim that the delay was retaliatory. (*See id*.) However, Plaintiffs allege no facts demonstrating that Defendant Wilkinson was in any way responsible for the delay in Mr. McKinnon receiving his mail, or that service of the discovery requests was the motivating factor behind whatever unspecified set of circumstances resulted in the delay of Mr.

McKinnon's mail.[2] Plaintiffs have not plausibly alleged a retaliation claim against Defendant Wilkinson based on the delay in receiving mail.

Plaintiffs also allege in their supplemental complaint that on December 20, 2021, after being served with Plaintiffs' civil action, Defendant Wilkinson "pulled Mr. McKinnon, by himself, into the staff breakroom area claiming this was a necessary part of the grievance interviewing process." (Dkt. # 33 at 3.) Mr. McKinnon claims he was "intimidated by Defendant Wilkinson's actions and was afraid to file further grievances." (*Id*.) Plaintiffs fail to make clear how simply investigating a grievance, which Mr. McKinnon presumably expected to happen when he filed it, amounts to adverse action. Plaintiffs also fail to allege facts demonstrating that service of their civil rights complaint on Defendants, which occurred two months before the incident alleged here, was the motivating factor behind what Mr. McKinnon found to be an uncomfortable grievance investigation procedure. Plaintiffs have not plausibly alleged any viable retaliation claim arising out of the grievance investigation.

### 2. *Defendant Wayman*

As to Defendant Wayman, Plaintiffs allege in their supplemental complaint that on January 22, 2021, Defendant "blocked Mrs. McKinnon from receiving any telephone communication from [SCCC]." (Dkt. # 33 at 2.) Plaintiffs further allege that a month later, on February 23, 2021, another DOC staff member told them that Defendant Wayman blocked Plaintiffs' communication because he believed Mr. McKinnon was violating his judgment and

---

[2] The Court notes that Plaintiffs, in their pending motion for extension of time, reference another instance of Mrs. McKinnon sending mail to Mr. McKinnon via "overnight mail" where the mail took five days to reach Mr. McKinnon. (*See* dkt. # 37 at 4.) Plaintiffs do not suggest that the delay on that occasion was retaliatory.

ORDER RE: PENDING MOTIONS
PAGE - 8

sentence by contacting his minor child. (*Id*. at 3.) Plaintiffs maintain that Defendant Wayman had prior knowledge of two amendments to Mr. McKinnon's judgment and sentence which clarified that there was no court order prohibiting such contact. (*Id*.) The record makes clear that these allegations against Defendant Wayman arise out of conduct that occurred well before Plaintiffs submitted their amended complaint for filing on June 25, 2021, and, thus, they fall outside the scope of what is permitted under Fed. R. Civ. P. 15(d).

Plaintiffs also allege, with respect to Defendant Wayman, that he accessed Plaintiffs' JPay account on January 7, 2022, and "retroactively rejected and removed from their photo gallery a picture that had already been approved and released by the mail room." (Dkt. # 33 at 3.) The photo at issue was one of Mrs. McKinnon breastfeeding and, according to Plaintiffs, Defendant Wayman deemed this photo to be "sexually explicit." (*Id*. at 3-4.) Plaintiffs note that this mail rejection occurred the day after Defendant Wayman signed his response to Plaintiffs' discovery requests. (*Id*. at 4.)

Plaintiffs' suggestion that Defendant Wayman's conduct on January 7, 2022, is somehow tied to their litigation of this civil rights action is speculative at best. And, indeed, that suggestion is undermined to a degree by the fact that two days before Defendant Wayman purportedly removed the photo, members of the SCCC mailroom staff rejected similar photos on similar grounds. (*See* dkt. # 33 at 3, ¶ S10.) Plaintiffs also fail to allege facts demonstrating that the purported removal of a photo that was deemed "sexually explicit" did not advance legitimate correctional goals, which is Plaintiffs' burden in asserting a retaliation claim. Plaintiffs therefore fail to adequately allege a retaliation claim against Defendant Wayman based upon the January 7, 2022 rejection of Plaintiffs' photo.

### 3. SCCC Mailroom Staff

Plaintiffs allege in their supplemental complaint that SCCC mailroom staff rejected photos from their JPay email account on January 5, 2022, claiming that breastfeeding is "sexually explicit." (Dkt. # 33 at 5.) The SCCC mailroom staff is not a Defendant to this action and is not an entity subject to suit under § 1983. As explained above, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Plaintiffs' failure to identify the individual SCCC employees whose conduct is at issue is fatal to any claim Plaintiffs intend to assert here.

### 4. Conclusion

Plaintiffs fail to identify in their supplemental complaint any additional, plausible, retaliation claims. And, while Plaintiffs make a conclusory assertion in their motion to supplement that Defendants' conduct is actionable under Washington's law against discrimination, RCW 49.60, *et seq.*, they fail to make clear how any of the additional facts alleged therein advance those claims. Accordingly, it would be futile to permit Plaintiffs to supplement their amended complaint.

## C.     Plaintiffs' Motion for Extension/Defendants' Motion for Protective Order

Plaintiffs also move for an eight-week extension of the current pretrial deadlines, and they ask the Court to "accept service of three subpoenas." (Dkt. # 37.) Plaintiffs indicate in their motion that they have additional discovery they would like to conduct, including a second deposition of Defendant Wayman, a deposition of Defendant DOC's designated representative in

accordance with Fed. R. Civ. P. 30(b)(6), and service of subpoenas seeking production of documents from three non-parties. (*See id*. at 4-6.)

Plaintiffs have not demonstrated that an extension of time is warranted. The record makes clear that Defendant Wayman has already been deposed and Defendants object to a second deposition. (Dkt. # 41, Attach. X.) Because Defendant Wayman has already been deposed, and the parties have not stipulated to a second deposition, leave of court is required before the deposition may be conducted. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Plaintiffs have not requested this specific relief from the Court and nothing in the record suggests that an additional deposition of Defendant Wayman is warranted.

As to Plaintiffs' expressed desire to take the deposition of Defendant DOC's designated representative in accordance with Fed. R. Civ. P. 30(b)(6), it appears that any such request is premature. In fact, Defendants have filed a motion for a protective order in which they ask that the Court strike Plaintiffs' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) on the grounds that the DOC's motion for a judgment on the pleadings is currently pending, the notice does not describe with reasonable particularity the matters for examination, and the notice was not properly served. (Dkt. # 39.) The Court agrees that it would be inappropriate for Plaintiffs to conduct such a deposition until Defendant DOC's motion for a judgment on the pleadings is resolved. The Court therefore deems it appropriate to renote Defendants' motion for a protective order so that it can be considered in conjunction with Defendant DOC's motion for judgment on the pleadings.

Finally, with respect to the three subpoenas at issue, Plaintiffs appear to acknowledge that the subpoenas were not served in the manner required by Fed. R. Civ. P. 45, and they ask that the

Court "accept service" of the subpoenas under various provisions of Fed. R. Civ. P. 5(b)(2). (*See* dkt. # 37 at 1, 6-7.) It is not clear whether Plaintiffs are asking the Court to rule that the manner in which service was effectuated, though improper, was sufficient to require the non-parties to respond, or whether they are asking for some other form of relief in relation to the subpoenas.

Federal Rule of Civil Procedure 45 requires "delivering a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). District Courts are split on whether this rule requires "personal service of a subpoena or whether delivery via certified mail is sufficient." *Kantor v. Big Tip, Inc.*, No. 15-cv-01871, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017). Judges in this District have concluded on multiple occasions that Rule 45 does not require personal service because such is not required by the plain language of the rule. *See id*. at *1 (quoting *Tubar v. Clift*, No. 05-cv-1154, 2007 WL 214260, at *5 (W.D. Wash. Jan. 25, 2007)); *see also Kleiman v. Wright*, No. 20-cv-0593, 2020 WL 2107710, at *2 (W.D. Wash. April 24, 2020). However, in this instance, even assuming personal service was not required, Plaintiffs have clearly not attempted to serve the individuals named in the subpoenas by means reasonably designed to ensure that they receive copies of the subpoenas such as, for example, via certified mail. Plaintiffs provide no authority to support their suggestion that service in accordance with the provisions of Fed. R. Civ. P. 5(b)(2) should be deemed sufficient to satisfy the service requirements of Rule 45.

The question that remains is whether Plaintiffs are entitled to additional time to attempt to properly serve their subpoenas. Defendants, in their response to Plaintiffs' motion for extension of time, argue that the documents being sought by Plaintiffs through their subpoenas are very similar to documentation sought from, and produced by, Defendants during discovery. (Dkt. # 42

ORDER RE: PENDING MOTIONS
PAGE - 12

at 2-3.) Defendants maintain that even if Plaintiffs were to properly serve their subpoenas on the two non-party DOC employees, they would not receive anything they have not already been provided. (*Id*. at 3.) With respect to the JPay employee, Defendants simply argue that Plaintiffs have had months to serve the subpoena and have not done so, and should not be granted an extension to serve the subpoena at the very end of the discovery period. (*Id*. at 3-4.) Finally, Defendants assert that the information Plaintiffs are seeking by way of the subpoenas, which appears to include photos and emails sent from Mrs. McKinnon to Mr. McKinnon via JPay that were removed or rejected by DOC employees, should already be in Plaintiffs' possession as Mrs. McKinnon should know what she sent to her husband through JPay and Mr. McKinnon should know what materials are in his account. (*Id*. at 4.) Defendants suggest that Plaintiffs should simply be able to "compare notes" to obtain the desired information. (*Id*.)

Plaintiffs, in their reply brief, maintain that Defendants have not submitted all relevant responses to Plaintiffs' discovery requests, that they do not, in fact, have all of the information they are attempting to obtain by way of their subpoenas, and that Defendants' suggestion that they can simply "compare notes" and obtain the information they are seeking is incorrect. (Dkt. # 51.) Plaintiffs, however, fail to make clear how serving subpoenas on non-party DOC employees will benefit them as Defendants make clear that the information accessible to Defendants as DOC employees is the same information that will be available to non-Defendant DOC employees. (*See* dkt. # 42 at 3.) With respect to the JPay representative, Plaintiffs' arguments and supporting materials are not sufficiently clear to demonstrate that allowing them additional time at this juncture to correct the service deficiencies in their subpoena will result in production of any additional documents relevant to their claims.

ORDER RE: PENDING MOTIONS
PAGE - 13

### D.  Defendants' Motion to Compel

Defendant Wilkinson moves to compel discovery from Plaintiffs in the form of complete, non-evasive responses to Interrogatory No. 6 and Request for Production No. 4 in Defendant Wilkinson's first set of interrogatories and requests for production to Arthur McKinnon and in Defendant Wilkinson's first set of interrogatories and requests for production to Elise McKinnon. (Dkt. # 44.)

Interrogatory No. 6, in each set of discovery propounded on Plaintiffs, stated as follows:

> **INTERROGATORY NO. 6**: For each and every category of damages you claim Defendants are liable in this matter, please state **for each** Defendant:
>
> a)  The category of damages claimed;
>
> b)  State the dollar amount of damages claimed for that category of damages; and
>
> c)  Show how you calculated dollar amount of damages claimed for that category of damages.

(Dkt. # 45, Exs. 1-2.)

Mrs. McKinnon provided the following response to this Interrogatory:

> **ANSWER:** - (a) Emotional distress, harassment, discrimination, intimidation, constitutional categories—see First Amended Complaint. Dkt. 12, (b) up to $100 trillion to be determined by the jury at trial, and (c) familial connection, memories, heirlooms priceless and irreplaceable to be determined and calculated by jury at trial.
>
> SUPPLEMENTAL ANSWER: Further responsive information is currently being sought.

(*See id.*, Ex. 1 at 2.) Mr. McKinnon provided essentially the same response but did not indicate that additional information would be forthcoming. (*Id.*, Ex. 2 at 2.)

Request for Production No. 4, in each set of discovery propounded on Plaintiffs, stated as follows:

> **REQUEST FOR PRODUCTION 4:** Please produce the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation identified in Interrogatory 6 is based, including materials bearing on the nature and extent of injuries suffered.

(*Id.*, Exs. 1-2.)

Mrs. McKinnon responded to this request as follows:

> Objection: This request seeks information that is privileged and protected as gathered, and opinion, work product and legal strategy obtained in preparation for litigation. Additionally this request is ambiguous as it does not define the term "computation" and as such may have many meanings.
>
> Response: Without waiving the foregoing objections, calculations to be made and determined by jury at trial.
> Supplemental Response: Responsive documents are being sought.

(*Id.*, Ex. 1 at 3.)

Mr. McKinnon's response was similar:

> Objections: This request is overly broad and vague and does not define "computations" which may have many meanings.
>
> Response: Without waiving the foregoing objections, calculations to be made and determined by jury at trial.

(*Id.*, Ex. 2 at 2.)

Defendant argues that he is entitled to know what damages in each category Plaintiffs intend to seek from the jury, and how they arrived at that number. (Dkt. # 44 at 4.) He further argues that "[s]imply stating that the amount is $100 trillion without explaining the basis of the number is disingenuous." (*Id.*)

Plaintiffs oppose Defendant's motion to compel, arguing that the motion is moot. (Dkt. # 50.) Plaintiffs maintain that Mrs. McKinnon supplemented her responses to these discovery requests on the day Defendant Wilkinson filed his motion to compel. (*Id*. at 2-3.) Plaintiffs also indicate that at the parties' discovery conference that preceded the filing of the motion to compel, Mr. McKinnon advised Defendant's counsel that he had no other information to provide relating to damages other than what was demanded in Plaintiffs' amended complaint. (*Id*. at 2.)

Defendant, in his reply brief, acknowledges that Mrs. McKinnon provided supplemental responses to the discovery requests at issue, but argues the responses were not, in fact, responsive in that Mrs. McKinnon "includes costs within damages and she includes damages for claims that have already been dismissed in this case." (Dkt. # 57 at ¶ 3; *see also* dkt. # 56 at 2.) Defendant notes as well that Mr. McKinnon made no attempt to supplement his responses to the discovery requests at issue here and argues that he should be compelled to do so. (Dkt. # 56 at 2; Dkt. # 57 at ¶ 4.)

The Court, having reviewed Mrs. McKinnon's supplemental responses, concurs that they are not, in fact, responsive to Defendant's discovery requests. (*See* dkt. # 50.) In addition, the record makes clear that Mr. McKinnon has not provided supplemental responses and his original responses were clearly deficient. Plaintiffs suggest in their response to Defendant's motion to compel that Defendant is not entitled to the discovery he seeks. (*See* dkt. # 50 at 3-4.) However, Plaintiffs fail to cite any authority to support their position that Defendant is not entitled to the detailed information he seeks regarding damages. Plaintiffs will therefore be required to properly respond to the discovery request at issue here. If Plaintiffs are unclear as to precisely what

information Defendant is seeking, they may request an additional discovery conference with Defendant's counsel and request clarification.

### E.  Defendants' Motion to Reopen Discovery

Defendants also move to reopen discovery for the purpose of conducting Plaintiffs' depositions. (Dkt. # 48.) Defendants explain in their motion that Plaintiffs' depositions were scheduled to occur on April 7, 2022, but the depositions were cancelled after Mr. McKinnon was unexpectedly transported to a medical appointment that day. (*See id*. at 2; dkt. # 49 at ¶¶ 2-3.) The parties were unable to reschedule the depositions prior to the discovery deadline, and Plaintiffs were unwilling to stipulate to an extension of the deadline for the sole purpose of taking their depositions. (*See* dkt. # 48 at 2-3; dkt. # 49 at ¶¶ 6-8.)

Defendants indicate in their motion that though they would have benefitted from having Plaintiffs' deposition testimony prior to the dispositive motion filing deadline, they do not believe such testimony will be absolutely necessary for them to file their motion for summary judgment and therefore do not want to extend the dispositive motions deadline in this matter. (Dkt. # 48 at 4.) Defendants do request, however, that if the case survives summary judgment they be permitted to depose Plaintiffs no later than 45 days prior to trial, a date which has not yet been set. (*Id*.) Plaintiffs oppose Defendants' motion but indicate they would be willing to withdraw their objection if the Court were to grant their motion for extension of time and request for service of summons. (Dkt. # 52 at 4.)

The Court has already determined that Plaintiffs' requested extension is not warranted, and nothing in their response to Defendants' motion to reopen discovery alters that conclusion. Given the current posture of this case, the Court deems it appropriate to defer a ruling on

ORDER RE: PENDING MOTIONS
PAGE - 17

Defendants' motion to reopen discovery until it has an opportunity to consider Defendants' anticipated motion for summary judgment. The Court will therefore strike the motion from the calendar without prejudice to refiling after Defendants file their dispositive motion.

## IV.     CONCLUSION

Based on the foregoing, the Court hereby ORDERS as follows:

(1)     Plaintiffs are GRANTED leave to file a surreply addressing the arguments set forth by Defendant DOC in its reply brief in support of its motion for judgment on the pleadings pertaining to the cognizability of the state law claims asserted against the DOC. Plaintiffs shall file their surreply not later than *May 27, 2022*. Defendant DOC may file a response to the surreply not later than *June 3, 2022*. Defendant DOC's motion for judgment on the pleadings (dkt. # 28) is RENOTED for consideration on *June 3, 2022*.

(2)     Defendant DOC's motion for a protective order (dkt. # 39) is RENOTED for consideration on *June 3, 2022*, so that it may be considered in conjunction with Defendants' motion for judgment on the pleadings.

(3)     Plaintiffs' motions for leave to supplement their complaint (dkt. # 33) and for an extension of time (dkt. # 37) are DENIED.

(4)     Defendant Wilkinson's motion to compel discovery (dkt. # 44) is GRANTED. Plaintiffs are directed to provide, not later than *June 3, 2022*, clear and complete responses to Defendant's Interrogatory No. 6 and Request for Production No. 4 as to all claims currently before the Court, including Plaintiffs' federal constitutional claims and Plaintiffs' state law claims.

(5) Defendants' motion to reopen discovery (dkt. # 48) is STRICKEN from the calendar without prejudice to refiling once Defendants have filed their motion for summary judgment.

(6) The Clerk is directed to send copies of this Order to Plaintiffs, to counsel for Defendants, and to the Honorable Benjamin H. Settle.

Dated this 9th day of May, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge