UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR McKINNON, *et al.*,

                Plaintiffs,

   v.

WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

Case No. C21-5097-BHS-MLP

ORDER GRANTING PLAINTIFFS' MOTIONS FOR CONTINUANCE AND TO EXTEND TIME

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on: (1) the motion of Plaintiff Elise McKinnon to continue all pending deadlines so that her newly retained counsel can familiarize himself with the case (dkt. # 60); and (2) the motion of Plaintiff Arthur McKinnon to extend time to file a surreply to the Washington Department of Corrections' ("DOC") motion for judgment on the pleadings (dkt. # 73). Defendants have filed a response opposing the motion for continuance. (Dkt. # 69.) Defendants have not yet had an opportunity to file a response to the motion to extend time, but the Court deems a response unnecessary and will address the motion at this time.

ORDER GRANTING PLAINTIFFS'
MOTIONS FOR CONTINUANCE
AND TO EXTEND TIME - 1

As to Ms. McKinnon's motion for continuance, Ms. McKinnon asks that all hearing dates, briefing schedules, and filing deadlines be continued for a period of thirty to sixty days so that her counsel can review previously filed materials and prepare to represent her effectively.[1] (*See* dkt. # 60.) Defendants oppose this request, arguing that Plaintiff has not shown good cause for an extension of the pretrial deadlines. (Dkt. # 69.) Defendants assert that the mere fact that Plaintiff recently retained counsel does not establish good cause for the requested extension. (*Id*. at 1-2.) Defendants also note that counsel entered his appearance well over a year after this action was originally filed in Thurston County Superior Court, after Defendant DOC had already filed a motion for judgment on the pleadings, and only days before the dispositive motion filing deadline. (*Id*. at 2.) Finally, Defendants note that there are few immediate deadlines, and they argue that Ms. McKinnon's counsel should have adequate time to meet those deadlines absent the requested extension. (*Id*.)

The record confirms that at the time Ms. McKinnon filed the pending motion for continuance, the discovery deadline had already passed, the dispositive motion filing deadline was a week away, and the only other pending deadline was that set for Plaintiffs to file a surreply addressing the arguments set forth in the DOC's reply brief in support of its motion for judgment on the pleadings. The deadline for Plaintiffs to file their surreply was May 27, 2022, and the docket shows that Ms. McKinnon's counsel filed a surreply by that date. (*See* dkt. # 71.) A week after Ms. McKinnon filed her motion for continuance, Defendants filed their motion for

---

[1] Counsel also entered an appearance on behalf of Plaintiffs' minor child, C.M. (*See* dkt. # 59.) However, C.M. was previously dismissed from this action. (*See* dkt. # 16 at 4-5.)

ORDER GRANTING PLAINTIFFS'
MOTIONS FOR CONTINUANCE
AND TO EXTEND TIME - 2

summary judgment, which is currently noted on the Court's calendar for consideration on June 10, 2022. (*See* dkt. # 64.)

While counsel's appearance on behalf of Ms. McKinnon does come exceedingly late in these proceedings, the Court is willing to grant a continuance to allow counsel to familiarize himself with the case, to file a dispositive motion if he deems it appropriate to do so, and to file a response to Defendants' summary judgment motion. The Court will establish new deadlines below.

As to Mr. McKinnon's motion to extend time, Mr. McKinnon asserts that he requires additional time to file his surreply addressing the arguments set forth in the DOC's reply brief in support of its motion for judgment on the pleadings because of a recent quarantine at the Stafford Creek Corrections Center where he is incarcerated. (Dkt. # 73.) Mr. McKinnon asks that he be afforded an additional fourteen days, the length of time the quarantine was in place, to file his surreply. (*Id.* at 1.) The Court deems Mr. McKinnon's request reasonable and will establish new deadlines below.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)   Ms. McKinnon's motion for continuance (dkt. # 60) is GRANTED. The dispositive motion filing deadline is extended to ***July 18, 2022***. The deadline for Plaintiffs to file a response to Defendants' pending motion for summary judgment is likewise extended to ***July 18, 2022***. Defendants' motion for summary judgment (dkt. # 64) is RE-NOTED on the Court's calendar for consideration on ***July 22, 2022***.

(2)   Mr. McKinnon's motion to extend time (dkt. # 73) is GRANTED. Mr. McKinnon shall file his surreply not later than ***June 10, 2022***. Defendant DOC may file a response to the

ORDER GRANTING PLAINTIFFS'
MOTIONS FOR CONTINUANCE
AND TO EXTEND TIME - 3

surreply not later than **June 17, 2022**. Defendants' motion for judgment on the pleadings (dkt. # 28) is RE-NOTED for consideration on **June 17, 2022**. Defendants' motion for a protective order (dkt. # 39) is likewise RE-NOTED for consideration on **June 17, 2022**, so that it may be considered in conjunction with the motion for judgment on the pleadings.

   (3) The Clerk is directed to send copies of this Order to Plaintiff Arthur McKinnon, to all counsel of record, and to the Honorable Benjamin H. Settle.

   Dated this 2nd day of June, 2022.

MICHELLE L. PETERSON  
United States Magistrate Judge