UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR McKINNON, *et al.*, | |
| Plaintiffs, | CASE NO. C21-5097-BHS-MLP |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Plaintiffs Arthur and Elise McKinnon bring this civil action together to allege violations of their rights under federal and state law relating to restrictions imposed by the Washington Department of Corrections ("DOC") and DOC staff on visitation and communication between the Plaintiffs. This matter is before the Court at the present time on Plaintiffs' motions for voluntary dismissal of this action.[1] (Dkt. ## 75-76.) Also pending are the motions of Defendant DOC for a judgment on the pleadings (dkt. # 28) and for a protective order (dkt. # 39), and the motion of Defendants Michael Wayman and Barry Wilkinson for summary judgment (dkt. # 64).

---

[1] A motion for voluntary dismissal was also filed on behalf of C. M., the McKinnon's minor child. However, the child was previously dismissed from this action (*see* dkt. # 16 at 4), and thus, the motion for voluntary dismissal filed on his behalf (dkt. # 77) is STRICKEN as moot.

REPORT AND RECOMMENDATION
PAGE - 1

The Court, having reviewed all pending motions, and the balance of the record, concludes that the McKinnon's motions for voluntary dismissal should be granted, all other pending motions should be stricken as moot, and this action should be dismissed without prejudice.

## II.   BACKGROUND

Plaintiff Arthur McKinnon initiated this action in December 2020 by filing in the Thurston Court Superior Court a *pro se* pleading which he identified as a civil rights complaint under 42 U.S.C. § 1983 and an anti-discrimination complaint under RCW 49.60. (*See* dkt. # 1-3.) Defendant DOC removed the action to this Court on February 8, 2021, and the Court thereafter screened the complaint in accordance with 28 U.S.C. § 1915A(a).[2] (*See* dkt. ## 1, 11.) The Court determined that Mr. McKinnon's pleading was deficient in various respects and granted him leave to file an amended complaint. (Dkt. # 11.)

On June 25, 2021, Mr. McKinnon filed an amended complaint, together with his wife, Elise McKinnon. (Dkt. # 12.) This Court screened Plaintiffs' amended complaint in accordance with 28 U.S.C. § 1915A(a), and thereafter, issued a Report and Recommendation recommending that the action be dismissed as to five of the named Defendants and that Plaintiffs be permitted to proceed with their claims against three remaining Defendants, including the DOC and two employees at the Stafford Creek Corrections Center, Michael Wayman and Barry Wilkinson. (Dkt. # 13.) On October 4, 2021, the Honorable Benjamin H. Settle, United States District Judge, adopted the Report and Recommendation and this Court thereafter directed service of Plaintiffs' amended complaint on Defendants Wayman and Wilkinson. (Dkt. ## 16-17.)

On March 8, 2022, Defendant DOC filed a motion for judgment on the pleadings. (Dkt.

---

[2] Mr. McKinnon identified multiple defendants in his original pleading, but only the DOC was served prior to the case being removed to this Court.

REPORT AND RECOMMENDATION
PAGE - 2

# 28.) The arguments presented therein were based on Defendant DOC's apparent misreading of Plaintiffs' amended complaint and its erroneous interpretations of the Court's prior rulings dismissing some claims against some Defendants, deficiencies the Plaintiffs pointed out in their response to Defendant's motion. (*See* dkt. # 32.) Defendant, in its reply brief, presented new, more substantive, arguments in support of its motion for judgment on the pleadings, and Plaintiffs moved to strike those arguments. (Dkt. # 46.) Rather than strike the arguments, the Court granted Plaintiffs an opportunity to file a surreply addressing the additional arguments. (Dkt. # 63 at 4-5, 18.) Ms. McKinnon, who by that time had retained counsel, filed a surreply which did not address the additional substantive arguments presented by the DOC in its reply brief and conceded only that the DOC was not a proper Defendant under 42 U.S.C. § 1983. (Dkt. # 71.) As Plaintiffs previously argued that they had, in fact, asserted no claims under § 1983 against the DOC, Ms. McKinnon's concession on this point added nothing to the prior briefing. Mr. McKinnon, who was granted additional time to file his surreply (*see* dkt. ## 73-74), ultimately did not elect to file a surreply.

On May 13, 2022, Defendants Wayman and Wilkinson filed a motion for summary judgment which was originally noted on the Court's calendar for consideration on June 10, 2022. (Dkt. # 64.) Plaintiffs were subsequently granted an extension of time until July 18, 2022, to file a response to Defendants' motion and to file their own motion for summary judgment should they elect to do so. (Dkt. # 74.) On July 13, 2022, Plaintiffs filed their pending motions for voluntary dismissal. (Dkt. ## 75-76.) Defendants filed a response to the motions for voluntary dismissal, arguing therein that this case should be dismissed with prejudice and not without prejudice under Fed. R. Civ. P. 41(a)(2). (Dkt. # 78.) Plaintiffs have filed no reply addressing the arguments set forth by Defendants in their response.

### III. DISCUSSION

Pursuant to Fed. R. Civ. P. 41(a)(2), once an opposing party files a motion for summary judgment, an action may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper." The Ninth Circuit has explained that a court should grant a motion for voluntary dismissal "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "[L]egal prejudice means prejudice to some legal interest, some legal claim, [or] some legal argument." *Id*. at 976 (internal quotations and citation omitted.)

Defendants argue here that they will be subject to legal prejudice if this case is dismissed without prejudice. (Dkt. # 78 at 2.) In particular, Defendants argue that Plaintiffs have been dilatory in seeking voluntary dismissal, noting that this case was originally filed in state court in December 2020, and that they did not move for voluntary dismissal until July 2022, over 19 months later. (*Id*.) Defendants also cite to the fact that Plaintiffs did not move to dismiss this action until days before their response to Defendants' pending summary judgment motion was due, and they suggest that Plaintiffs likely moved for voluntary dismissal to avoid a near certain adverse ruling. (*Id*.) Finally, Defendants cite to the fact that both individual Defendants have been "deliberately inconvenienced" by having to take time away from their normal duties to sit for depositions. (*Id*.)

Defendants correctly note that a district court, in evaluating plain legal prejudice, may consider whether a party has been dilatory in seeking voluntary dismissal and whether the party is seeking dismissal to avoid an adverse ruling. *See BP West Coast Products LLC v. SKR, Inc.*, 989 F.Supp.2d 1109, 1116 (2013). Defendants also properly acknowledge that plain legal prejudice "is not merely the prospect of another lawsuit." *Id*.

It is certainly true that this action has been pending in this Court for a significant period of time, and that Plaintiffs have actively litigated the case, including conducting, or attempting to conduct, extensive discovery. It is also true that the manner in which Plaintiffs have litigated this action has required a considerable investment of time by Defendants and by the Court. This is likely attributable to the fact that for the first fourteen months the case was pending in this Court, Plaintiffs were proceeding exclusively *pro se* and clearly harbored a strong belief that they had been wronged by the DOC and its employees in relation to restrictions on their visitation and communications involving their child. Notably, however, once Ms. McKinnon retained counsel in May 2022, and a more trained eye was apparently focused on the litigation and the legal viability of Plaintiffs' remaining claims, Plaintiffs' motions for voluntary dismissal of the action followed within a mere two months. (*See* dkt. ## 58, 75-76.) Though the motions were not filed until after Defendants filed their motion for summary judgment and were received just before Plaintiffs' response to the motion was due, this is consistent with Ms. McKinnon's attorney having had a full opportunity to review the claims and recommend an appropriate course of action. Under these circumstances, the Court is not persuaded that Plaintiffs' failure to seek voluntary dismissal at an earlier point in the litigation warrants rejection of their attempt to do so now.

As a practical matter, if Plaintiffs' motions for voluntary dismissal were to be denied, the undersigned would recommend that Plaintiffs be provided notice of this ruling and given an opportunity to file a response to Defendants' pending motion for summary judgment before the Court were to proceed to disposition of that motion. The interests of judicial economy militate against such an approach.

REPORT AND RECOMMENDATION
PAGE - 5

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiffs' motions for voluntary dismissal (dkt. ## 75-76) be granted and that this action be dismissed without prejudice in accordance with Fed. R. Civ. P. 41(a)(2). This Court further recommends that all other pending motions (dkt. ## 28, 39, 64) be stricken as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 2, 2022**.

DATED this 5th day of August, 2022.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge